Mr. Justice Clayton
delivered the opinion of the court.
This was an action upon a note for one thousand dollars, given for the loan of ten shares of the capital stock of the Bank of Port Gibson. The defence is, that the contract was usurious. The jury found a verdict for the sum of $1000 against the defendant, for which the judgment was rendered. Exceptions were filed to the charge of the court, and to its action in overruling the motion for a new trial.
The note upon its face bore six per cent, interest. The evidence very clearly shows that the transaction was a loan, and intended- as such by the parties. It is equally apparent, that the stock was at a discount at the time of the loan. There is some conflict in the testimony, as to the rate of the discount, but none as to the fact that it was below par.
The statute is imperative, that where more than tho lawful rate of interest has been reserved or taken, the principal sum only can be recovered, without interest. In accordance with this statute, this court has repeatedly decided, that where a bank lends notes other than its own, which at’the time are below par, it can only recover the actual value of such -notes,' at the date of the transaction, without interest. Cook et al. v. Bank of Lexington, 8 S. & M. 551.
The statute prohibits the taking of more than eight per cent, on any contract, bond or note for the payment of money founded on any bargain, sale, or loan of wares and merchandise, goods and chattels, lands and tenements. Did the party in this case, reserve a greater interest than the law allows ? The reservation of six per cent, being less than the then legal rate, causes some difficulty in arriving at the conclusion.
The stock was below par; it therefore had a nominal value, and a real market value. The latter was the true amount of the loan, and the true extent of the right to recover. The note was taken for the stock as so much money, estimating it to be *289 worth its nominal value, with six per cent, interest. This was not necessarily usurious. Whether it was so or not, depends upon the true value of the stock. At the time of the transaction, the lender was entitled to reserve eight per cent, on the real value, and if by reserving six per cent, on the nominal value, he exceeded eight per cent, on the real value, then the statute ■was violated. To illustrate, — in order to legalize the reservation of six per cent, the stock must have been worth about ninety-eight dollars and thirteen cents a share, because eight per cent, interest on that amount gives one hundred and six dollars, the sum agreed to be paid upon the face of the note. If the real value of the stock were less than that amount, i. e. $9813, the contract cannot be sustained.
In the only charge which was given, the court instructed the jury, “that the plaintiff was entitled to'recover interest on the value of the stock, unless the jury believe from the evidence, that the loan of the bank stock, instead of money, was resorted to as a device, and with the intent and object of receiving and obtaining a larger profit on the loan of money, than the legal interest allowed by the statute, and unless the jury also believe that the rate of interest stipulated for in said note, amounts to a greater rate upon the value of said bank stock than ten per cent, per annum.” Ten per cent, was then the legal -rate of interest upon money loaned. But bank stock is not money, and no more than eight per cent, interest could be taken on such a loan, even if it were at par. The instruction was therefore erroneous.
The jury too should have been told more explicitly, that if they believed the transaction to be usurious, they could find for' the plaintiff only the real, as contradistinguished from the nominal value of the stock, without interest.
But it is insisted, that this was not an usurious transaction, upon the authority of the United States Bank v. Waggenner, 9 Peters, 378. That case has heretofore been pressed upon as for our adoption. It stands opposed to our former decisions, if in any of them, the bank notes loaned, though below par, yet answered the purpose of specie to the borrower.
*290 But this case does not fall within the range of that decision. That case seems to have turned upon the point, that a loan of money was not intended, but an exchange of credits, which the parties in good faith estimated at equivalent values. Here it was treated throughout as a loan, and was never spoken of in any other way. In that case, too, the bank gained nothing by the transaction, and the borrower lost nothing. The notes loaned were as good as specie to the bank, and the borrower acknowledged they were equally good to him. This fact, the court says, excludes any intention of violating the law against usury. The opposite state of facts in this case, if we were to enter into such investigation, would lead to an opposite conclusion. But we have heretofore said, that the use which the borrower makes of the notes borrowed, whether profitable or otherwise, cannot influence the decision. Bondurant v. Com. Bank of Natchez, 8 S. & M. 541.
A sale of goods at a price beyond their real value, when the object is to cover a loan of money, has always been held to be within the statute. This mode was formerly.resorted to as the most ready expedient to evade the statute, but the courts have given no protection to such device. Comyn on Usury, 3 Law Lib. 36 ; Dougl. R. 738.
For the error in the charge of the court, the judgment will be reversed, and new trial granted.